UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REYNALDO DURAN, an individual, on behalf of themselves and all others similarly situated,

    Plaintiff,

v.                             Case No:  2:23-cv-558-JES-NPM

KENNETH JOEKEL, an individual, MARC PLOTKIN, an individual, PACESETTER PERSONNEL SERVICE, INC., A Texas profit corporation, PACESETTER PERSONNEL SERVICE OF FLORIDA, INC., A Florida profit corporation, FLORIDA STAFFING SERVICE, INC., A Florida profit corporation, and TAMPA SERVICE COMPANY, INC., A Florida profit corporation,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of two motions to dismiss. Corporate Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. #11) was filed on August 2, 2023. Plaintiffs' Response in Opposition (Doc. #29) was filed on September 21, 2023. Also before the Court is Individual Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. #12), filed on August 2, 2023. Plaintiff filed a Memorandum in Opposition to Individual Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. #20) on

September 13, 2023.  Corporate Defendants filed a Notice of Supplemental Authority (Doc. #34) on October 4, 2023, and all defendants collectively filed another Notice of Supplemental Authority (Doc. #35) on October 16, 2023.  Plaintiff filed a responsive Notice of Filing (Doc. #36) on October 20, 2023.

On November 9, 2023, the Court heard oral arguments on both motions.  For the reasons set forth below, the two motions to dismiss are denied and plaintiff is granted leave to file an amended complaint.

## I.

First, an over-simplification of the procedural history that impacts this case.  On January 29, 2020, Shane Villarino and three other named plaintiffs filed a four-count Nationwide Collective and Class Action Complaint (Doc. #11-1) (the Villarino Complaint) in the United States District Court for the Southern District of Florida (Villarino 1).  The first two counts alleged violations of the federal Fair Labor Standards Act (FLSA), while the third count alleged a violation of the Florida Constitution and the fourth count alleged various violations of the Florida Labor Pool Act (FLPA).  One of several alleged violations of the FLPA involved charging workers more than $3.00 per day for transportation to/from a worksite.  (Id. at ¶ 55.)  The Villarino Complaint stated that it was being filed as both a proposed "opt-in" collective action as to the FLSA claims and as a Fed. R. Civ. P. 23 class action as

to the third and fourth counts.  (Id. at p. 2.)  The Villarino Complaint named three corporations as defendants – Pacesetter Personnel Service, Inc., Pacesetter Personnel Service of Florida, Inc., and Florida Staffing Service, Inc.[1]

The Honorable Raag Singhal, District Judge in the Southern District of Florida, was assigned to the case and in due course entered a series of orders generally in favor of defendants.  As relevant to the instant motions, these orders included twice denying plaintiffs' requests to certify a nationwide collective action as to the FLSA claims; granting certain summary judgments in favor of defendants; denying certain summary judgments in favor of plaintiff; denying Rule 23 class certification except a small class covering potential water and bathroom violations at the Broward County location; and ultimately decertifying that Rule 23 class in February 2023.  The Rule 23 class which had been certified and then decertified consisted only of employees who worked at Defendants' Fort Lauderdale, Florida location from January 29, 2016, to that location's closure.  (Doc. #20-6.)  That class did not include Reynaldo Duran, the named-plaintiff in this case.

---

[1] An Amended Villarino Complaint (Doc. #146) was filed on April 14, 2020, and a *Corrected* First Amended Nationwide Collective and Class Action Complaint (Id., Doc. #152) was filed on May 6, 2020.  The Court uses "Villarino Complaint" to refer to both the original Complaint and the Amended Complaints.

3

Judge Singhal then solicited the views of the parties as to whether he should retain supplemental jurisdiction over the remaining state law FLPA claims. Both sides initially agreed that the court should retain supplemental jurisdiction, but plaintiffs thereafter changed their mind and objected to the retention of such jurisdiction. Judge Singhal declined to retain supplemental jurisdiction and dismissed the remaining FLPA count without prejudice.

On February 27, 2023, plaintiffs in Villarino 1 filed a Notice of Appeal (Doc. #689) to the Eleventh Circuit Court of Appeals. Among other issues, plaintiffs assert that the denial of the Rule 23 class certification as to the FLPA claims was reversible error. The appeal remains pending, and the issues are currently being briefed.

In late March 2023, Reynaldo Duran (Duran) filed the instant case in state court. The Class Action Complaint (Doc. #7) (the Complaint) was removed from state court pursuant to the diversity jurisdiction provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). (See Doc. #1, ¶¶ 7-17.) The Complaint alleges that four corporate defendants and two individual defendants violated the Florida Labor Pool Act of 1995 (the FLPA), Fla. Stat. § 448.20, et seq., by employing plaintiff (and others similarly situated) as day laborers and charging them an amount in excess of $1.50 each way for transportation to or from a designated worksite, in

4

violation of Fla. Stat. § 448.24(1)(b). The Complaint asserts the action is maintainable as a class action pursuant to Florida law and procedure. (Doc. #7, ¶ 67.)

Corporate defendants Pacesetter Personnel Service, Inc., Pacesetter Personnel Service of Florida, Inc., Florida Staffing Service, Inc., and Tampa Service Company, Inc. (collectively the Corporate Defendants) seek to dismiss the Complaint based on claim splitting and res judicata principles. Individual defendants Kenneth Joekel (Joekel) and Marc Plotkin (Plotkin) (collectively the Individual Defendants) seek to dismiss the Complaint for lack of personal jurisdiction. The Individual Defendants also join in the Corporate Defendants' motion to dismiss. (Doc. #12, pp. 3, 13.)

## II.

In a footnote which cites no legal authority, Plaintiff asserts that "it is readily apparent that this Court lacks subject matter jurisdiction over the instant claims." (Doc. #29, p. 3, n.6.) If true, the Court can stop working on the case. McIntosh v. Royal Caribbean Cruises, Ltd., 5 F.4th 1309, 1313 (11th Cir. 2021) (If subject matter jurisdiction does not exist, there must be a dismissal without prejudice).

The following is the entirety of Plaintiff's argument as stated in footnote 6:

> Defendants argue both that this Court has CAFA jurisdiction [see D.E. 1] over this case, and

5

> that Judge Singhal's prior orders denying certification of the FLPA transportation claims in Villarino has preclusive effect on this Court. See D.E. 11, generally. Both things cannot simultaneously be true.
>
> While Plaintiff has not moved to remand this case—in the absence of a stipulation from Defendants that Judge Singhal's prior orders regarding certification/decertification in Villarino lack preclusive effect here (or an order from this Court to the same effect)—it is readily apparent that this Court lacks subject matter jurisdiction over the instant claims because a class could not exist, by definition, when Plaintiff filed this case and when Defendants removed this case to federal court.

(Doc. #29, p. 3, n.6.)

Whether raised by a party or not, federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Subject matter jurisdiction is not lacking in this case. A party may make alternative, inconsistent arguments, including jurisdictional arguments, without jeopardizing subject matter jurisdiction.

> Certainly, pleading in the alternative is permissible in federal court. United Techs. Corp. v. Mazer, 556 F.3d 1260, 1273 (11th Cir. 2009) ("Rule 8(d) of the Federal Rules of Civil Procedure expressly permits the pleading of both alternative and inconsistent claims."). And "[t]he pleading of alternative jurisdictional bases is a common practice." State Establishment for Agr. Prod. Trading v. M/V Wesermunde, 770 F.2d 987, 991 n.3 (11th Cir. 1985). Pleading a lack of jurisdiction as an alternative to her affirmative claim for

6

> negligence, while contradictory, is not fatal to DeRoy's complaint.

DeRoy v. Carnival Corp., 963 F.3d 1302, 1308 n.7 (11th Cir. 2020). Additionally, the Notice of Removal (Doc. #1) plausibly alleges subject matter jurisdiction under CAFA, which is all that is required at this stage of the proceedings. The Court therefore rejects Plaintiff's jurisdictional argument.

### III.

The Corporate Defendants argue that the Complaint is barred by claims-splitting and/or res judicata doctrines, and therefore must be dismissed with prejudice. (Doc. #11, pp. 2-4.) The Corporate Defendants argue that this case must be dismissed "as duplicative litigation" because the Southern District of Florida "has already ruled on whether a statewide class action should be certified against these Corporate Defendants, on these same facts, with these same legal theories." (Id. at p. 13.) The Corporate Defendants also argue that this case must be dismissed under res judicate "for Plaintiff's own failure to alert the Villarino 1 court to the CAFA jurisdiction originally pled by Plaintiffs." (Id. at p. 18.) The Corporate Defendants argue:

> Plaintiffs chose to bring those claims in federal court based on their own jurisdictional allegations, including an allegation of jurisdiction based on CAFA. Moreover, at the time of the supplemental jurisdiction briefing, Plaintiffs knew that Judge Singhal had jurisdiction under CAFA. Nevertheless, after originally asking the Court to retain jurisdiction, Plaintiffs

7

> subsequently requested the Court to relinquish jurisdiction in hopes of a more favorable outcome in a different forum. In this circumstance, case law precedent makes clear that Plaintiffs may not pursue their FLPA claims anywhere other than the original litigation. Plaintiffs' attempts to seek a more favorable outcome in their pursuit of the same claims previously raised in Villarino 1 should be denied, and this instant suit should be dismissed in its entirety.

(Id. at pp. 18-19.) The Corporate Defendants argue that even though the Southern District of Florida had jurisdiction under the CAFA after it decertified the FLPA class, plaintiffs in Villarino 1 changed their minds and advocated for the Southern District of Florida court to relinquish jurisdiction. "That change proves fatal to their attempts to raise and re-litigate those claims in this instant matter." (Id. at p. 20.) Corporate Defendants argue this is "textbook res judicata," justifying dismissal with prejudice. (Id.) Additionally, the Corporate Defendants argue that because Plaintiffs failed to alert the Villarino 1 court of its CAFA jurisdiction, it is now barred from refiling the same case. (Id. at 20-24.)

The Court finds the motion is premature to the extent that it raises objections to potential class certification in this case. There is nothing currently before the Court seeking certification of any class. The only claim currently before the court is Duran's personal claim under the FLPA, which he hopes to expand into a class action. The deadline requested by the parties for moving

8

for class certification does not expire until July 1, 2024 (Doc. #26, p. 2), although discovery and disclosures have been stayed pending resolution of the motions to dismiss (Doc. #30). Duran is pursuing a personal FLPA claim which was never certified in Villarino 1 and was dismissed without prejudice in that case. When and if Duran files such a class certification motion, the claim splitting argument may become relevant, but it is not at the present time. Additionally, no res judicata principle justifies dismissal for failure to remind a district judge of jurisdiction. The Corporate Defendant's Motion to Dismiss is denied as premature, with leave to raise the issues if and when a motion for class certification is filed.

**IV.**

The Individual Defendants both argue that the Court lacks personal jurisdiction over each of them. Whether personal jurisdiction exists is a question of law for the court. Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010) (citing Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009)). For a court to exercise personal jurisdiction over a nonresident defendant, there must be: (1) a basis for asserting personal jurisdiction under the forum-state's long-arm statute; and, if there is, (2) satisfaction of the Due Process Clause requirements. SkyHop Techs., Inc. v. Narra, 58 F.4th 1211, 1222-23 (11th Cir. 2023); Sculptchair, Inc.

9

v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996); Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). Generally, the Court determines personal jurisdiction after accepting the allegations in the complaint as true. Don't Look Media LLC v. Fly Victor Ltd., 999 F.3d 1284, 1292 (11th Cir. 2021). When a defendant submits an affidavit contesting the basis for personal jurisdiction, "the burden shifts back to the plaintiff to produce evidence to support personal jurisdiction." Id. "[W]here the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff." Madara, 916 F.2d at 1514.

At oral arguments, counsel for plaintiff sought leave to file an amended complaint if the Court had concerns about the sufficiency of the allegations concerning personal jurisdiction. Because the Court has such concerns, that request will be granted. The Court will deny the Individual Defendants' Motion to Dismiss, grant plaintiff leave to file an Amended Complaint, and allow the Individual Defendants to file a motion addressing the Amended Complaint if they feel it is appropriate.

**V.**

At the oral arguments, the Court also briefly discussed the possibility of staying all or some portion of the case. The Court will require plaintiff to file an amended complaint setting forth all his claims as to all defendants. Defendants shall timely file

10

either a responsive pleading or an appropriate motion to the amended complaint. Since plaintiff's arguments in the appeal may adversely affect even his own claims in the current case, the Court will continue to stay discovery and disclosures pending a decision by the appellate court in <u>Villarino 1</u> and further order of this Court.

Accordingly, it is now

**ORDERED**:

1. Corporate Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. #11) is **DENIED** without prejudice.

2. Individual Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. #12) is **DENIED** without prejudice.

3. The Complaint (Doc. #7) is **DISMISSED** without prejudice to plaintiff filing an amended complaint within **twenty-one (21) days** of the date of this Opinion and Order.

4. Discovery and disclosures relating to this case will be **STAYED** pending further order of the Court.

**DONE AND ORDERED** at Fort Myers, Florida, this   13th   day of November 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record