```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

REYNALDO DURAN and RONALD HARDY, on behalf of themselves and all others similarly situated,

       Plaintiff,

v.                                  Case No: 2:23-cv-558-JES-NPM

KENNETH JOEKEL, an individual, MARC PLOTKIN, an individual, PACESETTER PERSONNEL SERVICE, INC., A Texas profit corporation, PACESETTER PERSONNEL SERVICE OF FLORIDA, INC., A Florida profit corporation, FLORIDA STAFFING SERVICE, INC., A Florida profit corporation, and TAMPA SERVICE COMPANY, INC., A Florida profit corporation,

       Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Kenneth Joekel and Marc Plotkin's Motion to Dismiss (Doc. #60) for lack of personal jurisdiction, filed on February 16, 2024. Plaintiffs filed a Memorandum in Opposition (Doc. #63) on March 1, 2024. Defendants' Notice of Supplemental Authority (Doc. #67) was filed on April 1, 2024. For the reasons set forth below, the motion is granted, and

defendants Kenneth Joekel and Marc Plotkin are dismissed without prejudice.

## I. Amended Complaint

The Class Action Complaint (Doc. #7) was removed from state court pursuant to the diversity jurisdiction provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).  (See Doc. #1, ¶¶ 7-17.)  On January 23, 2024, an Amended Class Action Complaint (the Amended Complaint) (Doc. #54) was filed on behalf of plaintiffs Reynaldo Duran (Duran) and Ronald Hardy (Hardy) (collectively plaintiffs) and similarly situated unskilled general laborers or day laborers employed by defendants' labor halls throughout the State of Florida since January 29, 2016.  (Id. at ¶ 5.)

Defendant Pacesetter Personnel Service, Inc. (Pacesetter) is a Texas corporation headquartered in Texas; defendant Pacesetter Personnel Service of Florida, Inc. (Pacesetter Florida) is a Florida corporation also headquartered in Texas; defendant Florida Staffing Service, Inc. (Florida Staffing) is a Florida corporation headquartered in Texas; and defendant Tampa Service Company, Inc. (Tampa Service) is a Florida corporation headquartered in Texas (collectively the Corporate Defendants).  Defendant Pacesetter, through its various corporate entities, is a personnel staffing or "temporary labor" company operating labor pools out of labor halls

employing general unskilled laborers and deploying them for work at third-party clients. Defendant Kenneth Joekel (Joekel) is the individual who owns 100% of all the Corporate Defendants, and defendant Marc Plotkin (Plotkin)[1] is an individual who oversees the day-to-day management and operation of the Corporate Defendants (collectively the Individual Defendants).

The Amended Complaint sets forth three counts. In Count I, plaintiffs allege that all defendants violated the Florida Labor Pool Act of 1995 (FLPA) in Florida during the relevant time period by routinely overcharging workers for transportation to and from job sites. (Doc. #54, ¶¶ 142-151.) In Count II, plaintiffs allege that all defendants violated the FLPA in Florida during the relevant time period by routinely charging workers for the temporary use of safety equipment, clothing, accessories, and other items required by the nature of the work either by law, custom, or as a requirement of the third-party user. (Id. at ¶¶ 152-160.) In Count III, plaintiffs allege that all defendants breached an Employment Agreement in which Pacesetter agreed it

---

[1] Plaintiffs identify Plotkin as "Marc Plotkin" in their case caption but as "David Plotkin" elsewhere. (Compare Doc. #54, p. 1, with Doc. #54, ¶ 35.) Given that the Individual Defendants only acknowledge a "Marc Plotkin" (Doc. #60, p. 1 n.1), and the "Corporate Defendants are without knowledge of an individual named 'David Plotkin'", (Doc. #62, ¶ 76), the Court assumes "David" Plotkin is a scrivener's error.

would only charge plaintiffs for transportation to and from jobsites if the worker requested transportation and agreed to share the cost of transportation. (Id. at ¶¶ 161-171.)

## II. Personal Jurisdiction Principles

The two Individual Defendants seek to dismiss the Amended Complaint for lack of personal jurisdiction. Without personal jurisdiction, a district court is powerless to take action or to adjudicate a case. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999); Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). Whether personal jurisdiction exists is a question of law for the Court. Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010) (citing Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009)). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." Daimler AG v. Bauman, 571 U.S. 117, 125 (2014).

For a court to exercise personal jurisdiction over a nonresident defendant, there must be: (1) a basis for asserting personal jurisdiction under the forum-state's long-arm statute; and, if there is, (2) sufficient minimum contacts to satisfy the federal Due Process Clause. SkyHop Techs., Inc. v. Narra, 58 F.4th 1211, 1222 (11th Cir. 2023); Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996) (same); Madara v. Hall,

916 F.2d 1510, 1514 (11th Cir. 1990) (same). "Simultaneously, the Fourteenth Amendment's Due Process Clause limits a state's power to exercise control over a nonresident defendant." Knepfle v. J-Tech Corp., 48 F.4th 1282, 1291 (11th Cir. 2022) (citing Walden v. Fiore, 571 U.S. 277, 283 (2014)). "If Florida's long-arm statute does not provide a basis for personal jurisdiction under the initial statutory prong of this inquiry, the constitutional analysis is unnecessary." Homeway Furniture Co. of Mount Airy, Inc. v. Horne, 822 So. 2d 533, 536 (Fla. 2d DCA 2002).

The Supreme Court has recognized two types of personal jurisdiction: general jurisdiction, which attaches when a defendant is "essentially at home in the forum State," and specific jurisdiction, which "depends on an affiliation between the forum and the underlying controversy." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). The Florida long-arm statute addresses both general personal jurisdiction, Fla. Stat. § 48.193(2), and specific personal jurisdiction, Fla. Stat. § 48.193(1). "Because the construction and interpretation of the Florida long-arm statute raises questions of Florida law, the Court must construe the long-arm statute as would the Florida Supreme Court." SkyHop Techs., Inc., 58 F.4th at 1223 (citing United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009)).

A person submits himself to the jurisdiction of the courts in Florida for any cause of action alleging any of the nine acts enumerated in the statute. Fla. Stat. § 48.193(1)(a). Plaintiffs assert that the Individual Defendants satisfy three of the bases set forth the Florida long-arm statute for personal jurisdiction pursuant to Fla. Stat. § 48.193(a)(1), (2), (6): (1) operating labor halls in Florida; (2) by committing acts of tort, civil theft and/or conversion, within Florida; and (3) by causing injury to laborers within Florida. (Doc. #63, pp. 12-15.) Plaintiffs need only establish one of these acts to satisfy the long-arm statute. SkyHop, 58 F.4th at 1223.

"A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." Meier ex rel. Meier v. Sun Intern. Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002) (quoting Madara, 916 F.2d at 1514). As the Eleventh Circuit has summarized:

> To establish personal jurisdiction over a nonresident defendant, a plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1350 (11th Cir. 2013) (quotation omitted). Vague and conclusory allegations do not satisfy this burden. See Snow v. DirecTV, Inc., 450 F.3d 1314, 1318 (11th Cir. 2006). Rather, a plaintiff must "present enough evidence to withstand a motion for directed verdict." Stubbs [v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360

> (11th Cir. 2006)] (quotation omitted). A directed verdict is appropriate where "viewing the evidence in its entirety and drawing all reasonable inferences in favor of the nonmoving party," "the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." Smith v. United States, 894 F.2d 1549, 1552 (11th Cir. 1990).

Catalyst Pharm., Inc. v. Fullerton, 748 F. App'x 944, 946 (11th Cir. 2018).[2]

When a defendant submits a non-conclusory affidavit contesting the factual basis for personal jurisdiction, "the burden shifts back to the plaintiff to produce evidence to support personal jurisdiction." Look Media LLC v. Fly Victor Ltd., 999 F.3d 1284, 1292 (11th Cir. 2021). Where the complaint and plaintiff's affidavits and the defendant's non-conclusory affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff. Don't Look Media, 999 F.3d at 1292; Madara, 916 F.2d at 1514.

The Affidavit of Kenneth Joekel (Doc. #60-1) states that he does not have any personal bank accounts or investment accounts in Florida; he does not personally own any businesses in Florida; he does not directly or personally own any real property in Florida;

---

[2] Plaintiffs' argument that personal jurisdiction may be pled "**merely by tracking the language of the long-arm statute without pleading supporting facts**" (Doc. #63, p. 6) (emphasis in original) is therefore not consistent with governing federal law.

he is the trustee and beneficiary of a Texas Trust that owns investment property, including in Florida; and he has not visited the State of Florida since 2019. Joekel has never met either plaintiff. The Affidavit of Marc Plotkin (Doc. #60-2) states that he does not have any personal or investment accounts in Florida and he does not personally own any business or real property in Florida. Plotkin does visit Florida 4-5 times per year on business for Pacesetter. Plotkin has also never met either plaintiff.

### III. Analysis

Plaintiffs do not assert that the Individual Defendants are subject to general personal jurisdiction, but rather assert that both are subject to specific personal jurisdiction in Florida. The Court therefore limits its discussion to specific jurisdiction issues.

#### A. Plaintiffs' Causes of Action

"In Florida, before a court addresses the question of whether specific jurisdiction exists under the long-arm statute, the court must determine 'whether the allegations of the complaint state a cause of action.'" PVC Windoors, Inc. v. Babbitbay Beach Const., N.V., 598 F.3d 802, 808 (11th Cir. 2010) (quoting Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002)). In a diversity case the federal pleading standard requires that "a complaint must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." <u>Ounjian v. Globoforce, Inc.</u>, 89 F.4th 852, 857 (11th Cir. 2023) (citation omitted).

The Court determines personal jurisdiction after accepting the factual allegations in the complaint as true. <u>Don't Look Media</u>, 999 F.3d at 1292. Nonetheless, these accepted-as-true facts must establish a prima facie case of personal jurisdiction. <u>Mazer</u>, 556 F.3d at 1274 ("A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."). <u>See also</u> <u>Posner</u>, 178 F.3d at 1214 ("A plaintiff seeking to obtain jurisdiction over a nonresident defendant initially need only allege sufficient facts to make out a prima facie case of jurisdiction" (citation omitted)).

(1) **FLPA Claims**

Counts I and II of the Amended Complaint each allege a violation of the FLPA by all defendants, including the Individual Defendants. In Count I, plaintiffs allege that all defendants violated the FLPA by routinely overcharging workers for transportation to and from job sites. (Doc. #54, ¶¶ 142-151.) In Count II, plaintiffs allege that all defendants violated the FLPA by routinely charging workers for the temporary use of safety equipment, clothing, accessories, and other items required by the

nature of the work either by law, custom, or as a requirement of the third-party user. (Id. at ¶¶ 152-160.)

During the time period relevant to this case, the FLPA provided in pertinent part:

> (1) No labor pool shall charge a day laborer:
>
> (a) For safety equipment, clothing, accessories, or any other items required by the nature of the work either by law, custom, or as a requirement of the third-party user:
>
> . . .
>
> (b) More than a reasonable amount to transport a worker to or from the designated worksite, but in no event shall the amount exceed $1.50 each way….

Fla. Stat. § 448.24(1). "Any worker aggrieved by a violation of s. 448.24 has the right to bring a civil action in a court of competent jurisdiction against the labor pool responsible for such violation." Fla. Stat. § 448.25(1)(a). The FLPA is "penal in nature," and "any ambiguity present in a civil statute of a penal nature is construed in favor of the party alleged to have violated the statute." Liner v. Workers Temp. Staffing, Inc., 990 So. 2d 473, 477 (Fla. 2008).[3]

The duties imposed by the FLPA are only imposed upon a "labor pool," § 448.24(1), and suit may only be filed against a "labor

---

[3] Plaintiffs' allegation in the Amended Complaint that the FLPA "is a remedial statute" (Doc. #54, ¶ 4) is therefore incorrect.

10

pool." § 448.25(1)(a). The FLPA defines a "labor pool" as a "business entity" that operates a "labor hall" by one or more of three specified methods. Fla. Stat. § 448.22(1). A "business entity" in turn "means any individual, corporation, business partnership, firm, institution, or association." Fla. Stat. § 448.22(4). A "labor hall" is "a central location maintained by a labor pool where day laborers assemble and are dispatched to work for a third-party user." Fla. Stat. § 448.22(3).

**(2) Breach of Contract Claim**

Count III alleges that all defendants breached a provision of Pacesetter's Employment Agreement with its workers. The Employment Contract provides that "the Company shall provide transportation to and from the [work] assignment, if requested by applicant and applicant agrees to share in the cost of that transportation." (Doc. #54-1 at ¶ 3.) Plaintiffs alleged that they never requested transportation, or agreed to share in its cost, but nonetheless were charged for the transportation provided to them. "The elements of a breach of contract claim are (1) the existence of a contract; (2) a breach of the contract; and (3) causation of damages as a result of the breach." Cole v. Plantation Palms Homeowners Ass'n, Inc., 371 So. 3d 413, 415 n.2 (Fla. 2d DCA 2023) (citations omitted).

### B. Alter Ego/Piercing Corporate Veil

To plausibly state the causes of action against the Individual Defendants, all three counts must sufficiently allege an alter ego relationship by piercing the corporate veil provided by the Corporate Defendants. Establishing such an alter ego relationship also impacts personal jurisdiction over the individual defendants. "Under the alter ego theory of long-arm jurisdiction, a nonresident shareholder of a resident corporation may be subject to long-arm jurisdiction where the alter ego test can be met." Bellairs v. Mohrmann, 716 So. 2d 320, 322 (Fla. 2d DCA 1998) (citations omitted). "It is well-established that state contract law governs the issue of whether a contact may be enforced against a nonparty to the contract." Paquin v. Campbell, 378 So. 3d 686, 689 (Fla. 5th DCA 2024) (citations omitted) Including determining if a non-signatory will be bound under a veil piercing/alter ego theory. Paquin, 378 So. 3d at 690.

### (1) General Principles

The general rule in Florida is clear. "While a corporation itself may be subject to jurisdiction when it transacts business through its agents operating in the forum state, unless those agents transact business on their own account in the state, as opposed to engaging in business as representatives of the corporation, they are not engaged in business so as to be

12

individually subject to the state's long-arm statute." Excel Handbag Co., Inc. v. Edison Bros. Stores, Inc., 428 So. 2d 348, 350 (Fla. 3d DCA 1983) (citations omitted). Nonetheless, "'a nonresident shareholder of a corporation doing business in Florida may be subject to long-arm jurisdiction' if the alter ego test can be met." WH Smith, PLC v. Benages & Assocs., 51 So. 3d 577, 581 (Fla. 3d DCA 2010) (quoting Aldea Communs., Inc. v. Gardner, 725 So. 2d 456, 457 (Fla. 2d DCA 1999)).

"To establish jurisdiction under the alter ego theory, the plaintiff's pleading must set forth sufficient jurisdictional allegations to pierce the corporate veil of the resident corporation." WH Smith, PLC, 51 So. 3d at 581 (citing Bellairs v. Mohrmann, 716 So. 2d 320, 322 (Fla. 2nd DCA 1998)). "The corporate veil cannot be pierced unless the plaintiff can establish '*both* that the corporation is a 'mere instrumentality' or alter ego of the defendant, *and* that the defendant engaged in 'improper conduct' in the formation or use of the corporation.'" Id. (quoting Bellairs at 322) (emphasis in original). See also SDSol Techs., LLC v. Stardam, LLC, __ So. 3d __, 2023 WL 8609236, *1, 48 Fla. L. Weekly D2344 (Fla. 3d DCA 2023) (must allege an actionable, specific statement that was relied upon); Parisi v. Kingston, 314 So. 3d 656, 664 (Fla. 3d DCA 2021); Abdo v. Abdo, 263 So. 3d 141, 150 (Fla. 2d DCA 2018) (discussing two-step process).

13

> The Florida Supreme Court has spoken to the issue of when the corporate veil should be pierced as follows:
>
>> Corporations are legal entities by fiction of law. Their purpose is generally to limit liability and serve a business convenience. Courts are reluctant to pierce the corporate veil and only in exceptional cases will they do so. Such instances are for fraud as where creditors are misled and defrauded or where the corporation is created for some illegal purpose or to commit an illegal act.
>
> State ex rel. Continental Distilling Sales Co. v. Vocelle, 158 Fla. 100, 27 So.2d 728, 729 (Fla. 1946). A party seeking to pierce the corporate veil and hold a parent corporation liable for the actions of its subsidiary must prove: (1) that the subsidiary was a "mere instrumentality" of the parent, and (2) that the parent engaged in "improper conduct" through its organization or use of the subsidiary. See Dania Jai-Alai Palace, Inc. v. Sykes, 450 So. 2d 1114, 1117-21 (Fla. 1984). Improper conduct is present only in "'cases in which the corporation was a mere device or sham to accomplish some ulterior purpose ... or where the purpose is to evade some statute or to accomplish some fraud or illegal purpose.'" Id. at 1117 (quoting Mayer v. Eastwood, Smith & Co., 122 Fla. 34, 164 So. 684, 687 (Fla.1935)).

Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1320 (11th Cir. 1998). Stated a little differently, a corporation's owners may be held liable if plaintiff can "pierce the corporate veil" by sufficiently alleging and ultimately proving that:

14

>   (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation;
>
>   (2) the corporate form must have been used fraudulently or for an improper purpose; and
>
>   (3) the fraudulent or improper use of the corporate form caused injury to the claimant.

Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1349 (11th Cir. 2011) (citations omitted). See also W.P. Productions, Inc. v. Tramontina U.S.A., Inc., __ F.4th __, 2024 WL 1984727, at *2 (11th Cir. May 6, 2024) (citing Molinos). When analyzing a veil-piercing claim under a motion to dismiss, a court must recognize that the "issue is not whether [plaintiff] may ultimately prevail on the 'piercing the corporate veil' theory, but whether the allegations are sufficient to allow them to conduct discovery in an attempt to prove their allegations." Jackam v. Hosp. Corp. of Am. Mideast, 800 F.2d 1577, 1579-80 (11th Cir. 1986)).

### (2) Application of Alter Ego Principles

Plaintiffs argue that the Amended Complaint sufficiently alleges Joekel is the alter ego of the Corporate Defendants. (Doc. #63, pp. 15-17.) Plaintiffs do not make any such assertion as to Plotkin. If plaintiffs cannot state a claim, they cannot satisfy the specific personal jurisdiction requirement of Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002)) (the threshold question that must be determined is whether the complaint states

15

a cause of action before determining whether the cause of action arises from communications).

Plaintiffs have provided insufficient factual allegations to support the conclusory statement that "the corporate Defendants were an alter ego of Defendant Joekel." (Doc. #54 at ¶ 26.) The Amended Complaint only asserts that Joekel is the sole owner and principal of Pacesetter and that senior operations people reported directly to him. (Id. at ¶¶ 25, 29.) However, "[t]he law is clear that the mere ownership of a corporation by a few shareholders, or even one shareholder, is an insufficient reason to pierce the corporate veil." Gasparini v. Pordomingo, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008) (citation omitted). See also Advertects, Inc. v. Sawyer Indus., 84 So. 2d 21, 23-24 (Fla. 1955) ("The mere fact that one or two individuals own and control the stock structure of a corporation does not lead inevitably to the conclusion that the corporate entity is a fraud or that it is necessarily the alter ego of its stockholders to the extent that the debts of the corporation should be imposed upon them personally. If this were the rule, it would completely destroy the corporate entity a method of doing business and it would ignore the historical justification for the corporate enterprise system.").

The Amended Complaint makes no specific allegations as to Plotkin except to allege that he was the Executive Vice President

of Pacesetter, that he reported directly to Joekel, he was a senior operations employee, he made operational decisions, and he visited Florida a few times a year. (Doc. #54 at ¶¶ 36-39, 41.) Since the allegations against the owner of Pacesetter are insufficient, it follows that the same holds true for an employee.

The Court finds that the Amended Complaint does not contain sufficient factual allegations to pierce Pacesetter's corporate veil as to either individual defendant for the alleged violation of the FLPA or the alleged breach of contract. In fact, there are not allegations of 'improper conduct' in the formation or use of the corporation. Without piercing the corporate veil, the Amended Complaint on its face fails to state a claim against either individual defendant.

### C. FLPA and Individual Liability

Plaintiffs argue that both individual defendants are subject to the personal jurisdiction of the district court because the FLPA allows for individual liability. (Doc. #63, pp. 10-12.) While the FLPA does provide that an individual may be liable for a statutory violation, it does not create personal jurisdiction over an individual defendant.

As discussed earlier, the FLPA provides that a "labor pool" may not charge a day laborer "(a) For safety equipment, clothing, accessories, or any other items required by the nature of the work

17

either by law, custom, or as a requirement of the third-party user" or "(b) More than a reasonable amount to transport a worker to or from the designated worksite, but in no event shall the amount exceed $1.50 each way."  Fla. Stat. § 448.24(1)(a), (b).  An aggrieved worker may bring a civil action "against the labor pool."  Fla. Stat. § 448.25.  The FLPA defines a "labor pool" as a "business entity" that operates a "labor hall" by one or more of three specified methods.  Fla. Stat. § 448.22(1).  A "business entity" in turn "means any individual, corporation, business partnership, firm, institution, or association."  Fla. Stat. § 448.22(4).  A "labor hall" is "a central location maintained by a labor pool where day laborers assemble and are dispatched to work for a third-party user."  Fla. Stat. § 448.22(3).

While Florida imposes statutory liability on a "business entity" operating as a "labor pool," it extends the obligations of the statute and potential liability under it to an individual by virtue of its definition of "business entity."  But providing a definition of "business entity" which includes an individual says nothing about personal jurisdiction over that individual or about Florida's alter ego principles.  The Amended Complaint in this case does not plausibly allege that the "labor pool" at issue in this case was either of the two individual defendants.

18

### D. Civil Theft and Conversion

Additionally, plaintiffs assert that the corporate shield doctrine is inapplicable because they have sufficiently alleged that the corporate officers committed the intentional torts of civil theft and/or conversion.[4] (Doc. #63, pp. 8-9.) Contrary to this argument, however, the Amended Complaint fails to allege that either individual defendant committed civil theft or conversion. Rather, as noted before, the Amended Complaint alleges two statutory violations and a breach of contract claim. Plaintiffs cannot rely on claims that are not made in the operative complaint to assert personal jurisdiction.

In sum, the Court finds that plaintiffs have not sufficiently alleged that either Joekel or Plotkin fall within alter ego principles sufficient to breach the corporate veil. Therefore, the conduct of the corporate defendants cannot be attributed to these individual defendants to determine specific personal

---

[4] Plaintiffs allege that the intentional tort at issue is conversion and civil theft of the monies taken from day laborers. Civil theft is conversion with criminal intent. Gokalp v. Unsal, 284 So. 3d 1097, 1099 (Fla. 4th DCA 2019). To establish a claim, plaintiffs must prove conversion with a criminal intent "by clear and convincing evidence." Transcapital Bank v. Shadowbrook at Vero, LLC, 226 So. 3d 856, 864 (Fla. 4th DCA 2017). "Where the property at issue is also the subject of a contract between the parties, a civil theft claim requires additional proof of "an intricate sophisticated scheme of deceit and theft." Gersh v. Cofman, 769 So. 2d 407, 409 (Fla. 4th DCA 2000).

jurisdiction. As previously noted, if Florida's long-arm statute does not provide a basis for personal jurisdiction, which it does not, the constitutional analysis is unnecessary. <u>Homeway Furniture</u>, 822 So. 2d at 536.

Accordingly, it is now

**ORDERED:**

1. Individual Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. #12) is **GRANTED** and Kenneth Joekel and Marc Plotkin are **dismissed without prejudice**.

2. The Clerk shall withhold the entry of judgment until the conclusion of the case.

**DONE AND ORDERED** at Fort Myers, Florida, this   23rd   day of May 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record